IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TEARSHA VENABLE, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 4:23-cv-1245-O-BP |
| | § |
| ROBERT L. VENABLE, | § |
| | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this case, Tearsha Venable, proceeding *pro se*, has filed a civil case along with a motion for leave to proceed in forma pauperis. ECF Nos. 1 and 2. The undersigned was preliminarily assigned the case pursuant to 28 U.S.C. § 636(b) and Special Order No. 3. TECF No. 3. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Tearsha Venable is the plaintiff. Plaintiff has named as defendant Robert L. Venable.

C.   LEGAL ANALYSIS

Plaintiff accompanied the complaint with a long-form Application to Proceed in District Court Without Prepaying Fees or Costs under 28 U.S.C. § 1915 *et. seq.* ECF No. 2. Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. 28 U.S.C. § 1915(a); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Courts should make the determination of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a

review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

In her financial affidavit, Plaintiff declares that she has an average monthly income of $2,000. ECF No. 2 at 1-2. Plaintiff has one dependent. ECF No. 2 at 3. The applicable poverty guideline for a family of two is $19,720. At a total income of $2,000 a month, Plaintiff's total annual household income of $24,000 is above the poverty level for a family of two. Based on the information in the application, Plaintiff has sufficient resources to pay the filing and administrative fees. To file a civil action in district court, payment of a filing fee of $350 and an administrative fee of $55 is required. *See* 28 U.S.C. § 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

By Order dated December 20, 2023, the Court ordered Plaintiff to pay the required $405 filing and administrative fees to the Clerk of Court on or before January 3, 2024. The Court cautioned Plaintiff that if she failed to do so, denial of leave to proceed *in forma pauperis* would be recommended, and her case would be subject to dismissal without prejudice as provided by Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff has not paid the required filing and administrative fees as the Court ordered.

Thus, after review and consideration of the Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2), the undersigned finds that the Plaintiff's motion to proceed *in forma pauperis* should be denied.

## RECOMMENDATION

It is, therefore, **RECOMMENDED** that United States District Judge Reed O'Connor **DENY** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. It is further **RECOMMENDED** that Judge O'Connor inform Plaintiff that the complaint will be

subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b) unless Plaintiff pays to the clerk of Court the applicable filing and administrative fees of $405.00 within fourteen days of the Court's acceptance of these findings, conclusions, and recommendation, or other deadline set by Judge O'Connor.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on January 12, 2024.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3